IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:19-cr-57-ECM |
| | ) | [WO] |
| OSIE LEE DAVIS | ) | |

**O R D E R**

Now pending before the Court is Defendant Osie Lee Davis' ("Davis") *pro se* petition for writ of *audita querela*. (Doc. 133). Davis argues he is entitled to relief because, according to him, his 2019 conviction of possession of a firearm by a convicted felon is unconstitutional in light of the United States Supreme Court's subsequent decisions in *New York State Rifle & Pistol Assoc. v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024). Upon consideration of the petition, and for the reasons explained below, the petition is due to be denied.

**BACKGROUND**

In October 2019, a jury convicted Davis on one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1); six counts of possessing controlled substances with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(1)(A). (Doc. 75). Thereafter, this Court sentenced Davis to 360 months' imprisonment. (Doc. 112). In July 2021, Davis filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 1 in *Davis v. United States*, 2:21cv485-ECM-CWB (M.D. Ala.)) (hereinafter "§ 2255 action"). This Court denied

Davis' § 2255 motion and dismissed the case with prejudice (docs. 30, 31 in § 2255 action), and the Court later denied Davis a certificate of appealability ("COA") (doc. 34 in § 2255 action). On December 2, 2024, the Eleventh Circuit Court of Appeals likewise denied Davis a COA. (Doc. 13 in *Davis v. United States*, No. 24-12295 (11th Cir. Dec. 2, 2024)).

## DISCUSSION

*Audita querela*, which is Latin for "the complaint having been heard," was a writ historically available to a judgment debtor attacking the enforcement of a judgment after it had been rendered. BLACK'S LAW DICTIONARY 160 (12th ed. 2024); *see also United States v. Holt*, 417 F.3d 1172, 1174 (11th Cir. 2005) (per curiam). While it is not "common in the modern era," it "remain[s] available" pursuant to the All Writs Act, 28 U.S.C. § 1651(a). *Ramdeo v. United States*, 136 F.4th 1348, 1351 (11th Cir. May 20, 2025). A federal court may issue a common law writ sought by a federal prisoner, including a writ of *audita querela*, "only to 'fill the interstices of the federal postconviction remedial framework' when no statutory authority covers the same ground." *Id.* (quoting *Holt*, 417 F.3d at 1175).[1] *Audita querela* "is employed to attack the enforcement of a judgment that was 'just and unimpeachable' when entered, but is no longer so," *Ramdeo*, 136 F.4th at

---

[1] The Eleventh Circuit has held that "a writ of *audita querela* may not be granted when relief is cognizable under § 2255." *Holt*, 417 F.3d at 1175. Because Davis is attacking his *conviction*, not his sentence, § 2255 is not a proper avenue of relief. *See Rudolph v. United States*, 92 F.4th 1038, 1043 (11th Cir. 2024) (explaining that "§ 2255 is a vehicle for attacking sentences, not convictions"); *see also id.* at 1043–47.

1351 (citation omitted), "because of some defense . . . arising subsequent to the rendition of the judgment," *Holt*, 417 F.3d at 1174.[2]

As indicated above, Davis seeks to vacate his conviction of possession of a firearm by a convicted felon in light of *Bruen* and *Rahimi*, both of which were decided after he was convicted. According to Davis, *Bruen* and *Rahimi* stand for the proposition that § 922(g)(1) violates the Second Amendment as applied to him. Assuming without deciding that *audita querela* is the proper vehicle for the relief Davis seeks, Davis' arguments are foreclosed by Eleventh Circuit precedent.

Before *Bruen* was decided, the Eleventh Circuit rejected a constitutional challenge to § 922(g)(1) in *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010). In *Rozier*, the court rejected the defendant's argument that § 922(g)(1) violates the Second Amendment, citing the Supreme Court's earlier decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008). The *Rozier* court explained that, under *Heller*, "statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." 598 F.3d at 771.

The Eleventh Circuit has since held that neither *Bruen* nor *Rahimi* abrogated *Rozier*. *See United States v. Dubois*, 94 F.4th 1284 (11th Cir. 2024) (holding that "*Bruen* did not abrogate *Rozier*") ("*Dubois I*"), *certiorari granted and judgment vacated by Dubois v. United States*, 145 S. Ct. 1041 (U.S. Jan. 13, 2025) (Mem.), *opinion reinstated by United*

---

[2] Another common law writ available in certain circumstances to obtain federal postconviction relief is *coram nobis*, which is "used to attack a judgment that 'was infirm at the time it was rendered.'" *Ramdeo*, 136 F.4th at 1351 (citation omitted).

*States v. Dubois*, --- F.4th ----, 2025 WL 1553843 (11th Cir. June 2, 2025) ("*Dubois II*"); *Dubois II*, 2025 WL 1553843, at *5 (confirming *Dubois I*'s holding that "*Bruen* did not abrogate *Rozier*" and holding that "*Rahimi* also did not abrogate *Rozier*"; rejecting the defendant's Second Amendment challenge to his conviction of violating § 922(g)(1)). The Eleventh Circuit explained that it "require[s] clearer instruction from the Supreme Court before [it] may reconsider the constitutionality" of § 922(g)(1), and that *Rozier* remains binding. *Dubois II*, 2025 WL 1553843, at *5. Thus, Davis' contention that his § 922(g)(1) conviction violates the Second Amendment fails.

## CONCLUSION

Accordingly, for the reasons stated, it is

ORDERED that Davis' petition for a writ of *audita querela* (doc. 133) is DENIED.

DONE this 30th day of June, 2025.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE